Peter S. Sloane (PS 7204)
Cameron S. Reuber (CR 7001)
Lauren B. Sabol (LS 2136)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax:  (914) 288-0023

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOUSE PARTY, INC., <br><br>                 *Plaintiff*, <br>   v. <br><br>LIFE ON AIR, INC., <br><br>                *Defendant*. | Civil Action No. <br><br> Jury Trial Demanded |

**COMPLAINT**

Plaintiff House Party, Inc. ("Plaintiff"), by and through its undersigned attorneys, alleges for its Complaint against Defendant Life On Air, Inc. ("Defendant"), alleges as follows:

**NATURE OF THIS ACTION**

This is a civil action for trademark infringement and unfair competition. Defendant, in violation federal and state statutes and common laws, willfully, knowingly, or recklessly adopted a name and trademark for its services that is confusingly similar (near identical) to Plaintiff's federally registered trademark.  Both parties engage consumers, among other things, through the use of mobile application ("app") products that incorporate their respective marks.  As a result of Defendant's unlawful adoption of its mark across popular commerce and ecommerce platforms, Plaintiff has cataloged more than 100 instances of actual confusion by consumers.

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 50 S. Buckhout Street, Suite 301, Irvington, New York 10533.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 683 Brannan Street, #512, San Francisco, California 94107.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant by virtue of Defendant, upon information and belief, transacting business in the State of New York and in this District, including, but not limited to, offering the Houseparty app for download by New York residents.

4. The subject matter jurisdiction of this Court over Counts I and II rest upon causes of action arising under the Trademark Act of 1946 (as amended), 15 U.S.C. §§1051 et seq. Therefore, this Court has original jurisdiction over these Counts pursuant to 15 U.S.C. § 1121, and 28 U.S.C § 1338(a).

5. Count III is joined as a substantial and related claim and, accordingly, subject matter jurisdiction for this Count is conferred upon this Court pursuant to 28 U.S.C. § 1338(b) and the doctrine of pendent jurisdiction.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

7. The assignment of this action to the White Plains Courthouse is proper, pursuant to Rule 18(a)(i) of the Local Rules of the U.S. District Court for the Southern District of New York because the claim arose in whole or in major part in Westchester County, New York (*i.e.*, a "Northern County") and Plaintiff's principal place of business is in Irvington, New York.

## FACTS COMMON TO ALL COUNTS

**Plaintiff's Activities**

8. Plaintiff House Party, Inc. operates a marketing company which allows consumers to host free parties sponsored by well-known brands. During the parties, guests are able to have hands-on interactions with new or existing products from these brands. In or about August 2004, Plaintiff started to use its name and mark HOUSE PARTY in U.S. commerce in connection with its services. Since inception, Plaintiff has built a community of over 1 million registered members.

9. Plaintiff has partnered with a variety of brands using its HOUSE PARTY mark, including such famous brands as Ford, Kraft, Microsoft, Verizon, Hershey, Hasbro, and Starbucks.

10. Plaintiff has been featured in the New York Times, USA Today, Forbes, The Wall Street Journal, Redbook, The Chicago Tribune, and on www.cnbc.com.

11. Plaintiff has won numerous industry awards, including Forrester Groundswell awards for its "Hershey Bliss" and Microsoft Windows 7 campaigns.

12. Plaintiff operates a website at www.houseparty.com to advertise and promote its services. A printout from the home page is attached as **Exhibit A**.

13. Plaintiff also offers a House Party app through the iTunes and Google Play ecommerce platforms. The House Party app allows Plaintiff's customers to set up a party, invite guests, and share videos and photographs.

14. In the course of using and protecting its name and mark in the U.S. since 2004, Plaintiff obtained U.S. Trademark Registration No. 3,970,731 of the mark HOUSE PARTY for (i) "On-line advertising and marketing services; on-line retail store services featuring general

consumer merchandise; conducting business and market research surveys; consumer survey services; business research using focus groups; business marketing and business consulting services; development of grass roots marketing campaigns for others arranged via the Internet; development of automated direct consumer-to-consumer marketing campaigns via the Internet; advertising and marketing services; direct marketing services; developing an advertising campaign featuring a community of consumer-based marketers of new products and services; developing automated grass roots marketing campaigns via the Internet; conducting marketing studies and consumer research; developing promotional campaigns for businesses; promoting the goods and services of others by means of a preferred customer program online featuring consumer-to-consumer communications; promoting the goods and services of others by means of word-of-mouth and nontraditional marketing programs; providing consumer information about the goods and services of others via the Internet"; and (ii) "Computer services, namely, creating an on-line community for registered users to participate in discussions, get feedback from their peers, form virtual communities, and engage in social networking; application service provider (ASP) featuring software for use in the field of word-of-mouth marketing."  A copy of the Certificate of Registration, dated May 31, 2011, is attached as **Exhibit B**.

15. Plaintiff's name and mark HOUSE PARTY is inherently distinctive in connection with Plaintiff's services.

16. The name and mark HOUSE PARTY has achieved acquired-distinctiveness and developed valuable goodwill in the marketplace as a source-identifier.

**Defendant's Activities**

17. Upon information and belief, Defendant Life On Air, Inc. was founded in or about February 2014.

18. Upon information and belief, Defendant provides services in the communications and technology industry.

19. Upon information and belief, Defendant operates a website at https://joinhouse.party/ to advertise and promote its services. A printout from the home page is attached as **Exhibit C**.

20. Defendant uses the name and mark HOUSEPARTY.

21. Upon information and belief, Defendant recently began selling an app called HOUSEPARTY on the same ecommerce platforms (iTunes and Google Play) that Plaintiff uses to sell its House Party app.

**Consumer Confusion**

22. As a direct and proximate result of Defendant's willful conduct, numerous consumers have experienced actual confusion between Plaintiff's HOUSE PARTY name and mark, on the one hand, and Defendant's HOUSEPARTY name and mark, on the other hand.

23. Upon information and belief, Defendant's own employee confused Plaintiff's email address with an email address associated with Defendant. Specifically, on December 6, 2016, Plaintiff was bcc'd on an email from "Matt" from Houseparty (houseparty@joinhouse.party). The email stated "Yikes! That's literally THE. WORST. Our team is aware and working hard on a fix. If this happens to you again, hard quit out of the app and try opening Houseparty again."

24. Plaintiff further has been contacted on numerous occasions by individuals seeking employment and investment in Defendant's company. Upon information and belief, these individuals are confusing Plaintiff and Defendant.

25. Specifically, on October 26, 2016, Plaintiff received an inquiry from an individual

that was "interested in your corporate structure and was wondering if you might be in a money raise period now." After further correspondence with this individual, he said "I am so sorry, I jumped the gun and tapped the wrong House Party." Upon information and belief, this individual was trying to contact Defendant.

26. On December 10, 2016, an individual emailed Plaintiff and said "congratulations for the investment raised! I would like to be part of your team as I love your app and I have business and technology background." Upon information and belief, the email's reference to an "investment" relates to a recent investment received by Defendant.

27. On December 25, 2016, a student from the Olin Business School at Washington University in St. Louis emailed Plaintiff regarding an internship opportunity. The student stated that he was "an avid user of Houseparty for over a year" and that he attended a presentation on Houseparty given by Kimberly Kalb at his school. He further explained that he knew Houseparty was originally an "Israeli business start-up[]" and admired how the company "follow[ed] the trends of teen girls first, ma[de] the app as instantaneous as possible, and creat[ed] a logo that signifies college life at its finest." Upon information and belief, this student was trying to contact Defendant.

28. Plaintiff further has been contacted on numerous occasions regarding issues with Defendant's HOUSEPARTY app. Upon information and belief, these individuals are confusing Plaintiff and Defendant.

29. On October 28, 2016, Plaintiff received an email titled "Harassment." The email stated "I would like to make a complaint about the harassment of [a specific user.]" The emailed threated to "call the police" if Plaintiff did not "sort this out." After Plaintiff investigated the inquiry, it was determined that the users did not have accounts with Plaintiff. Upon information

and belief, this individual was trying to contact Defendant.

30. On November 15, 2016, Plaintiff received an email titled "Anger." The email stated that the app "fails me time and time again" and the "poor connection really pushes me over the edge." It further stated "Hopefully you take my frustration and turn it into a positive to fix this shitty production of software that you call an app." After Plaintiff investigated the inquiry, it was determined that the user did not have an account with Plaintiff. Upon information and belief, this individual was trying to contact Defendant.

31. On November 20, 2016, Plaintiff received an email regarding a user not being able to locate his friends' accounts. When Plaintiff asked for clarification on the issue, the individual stated that he "got the wrong app." Upon information and belief, this individual was trying to contact Defendant.

32. Plaintiff further has been contacted on numerous occasions with requests to delete Defendant's user's accounts. Upon information and belief, these individuals are confusing Plaintiff and Defendant.

33. On November 2, 2016, an individual emailed Plaintiff and requested that Plaintiff delete her account. After Plaintiff investigated the inquiry, it was determined that the user did not have an account with Plaintiff. Plaintiff asked whether it was possible that the individual contacted the wrong company. The individual responded, "this is house party, like the video chat, right?" Upon information and belief, this individual was trying to contact Defendant.

34. On November 2, 2016, an individual emailed Plaintiff and requested that Plaintiff delete her account. The individual included a screenshot of his account information. After Plaintiff investigated the inquiry, it was determined that the user did not have an account with Plaintiff. Upon information and belief, the screenshot shows Defendant's HOUSEPARTY app

and this individual was trying to contact Defendant.

35. On November 16, 2016, Plaintiff received a request to delete an account because the individual "dislike[d the app] a lot." After Plaintiff investigated the inquiry, it was determined that the user did not have an account with Plaintiff. Upon information and belief, this individual was trying to contact Defendant.

36. On November 30, 2016, an individual emailed Plaintiff and requested that Plaintiff "deactivate my house party account." After Plaintiff investigated the inquiry, it was determined that the user did not have an account with Plaintiff. Plaintiff asked the individual whether she was writing about a Houseparty video chat app account. The individual responded "It looks like I contacted the wrong company. Thanks anyway!" Upon information and belief, this individual was trying to contact Defendant.

37. Plaintiff further has received numerous telephone calls from users of Defendant's HOUSEPARTY app. Upon information and belief, these users are confusing Plaintiff and Defendant.

38. In November 2016, Plaintiff received a telephone call from an individual that stated that another user threatened to kill him on the House Party app. After Plaintiff investigated the inquiry, it was determined that the users did not have accounts with Plaintiff. Further discussion with this caller revealed that his complaint was in relation to a video chat app. Upon information and belief, this individual was trying to contact Defendant.

39. In total, Plaintiff has experienced more than 100 instances of actual confusion as a direct and proximate result of Defendant's adoption of its confusingly similar mark, with additional instances becoming a regular occurrence.

40. Defendant's conduct is in knowing and willful disregard of Plaintiff's trademark

rights and threatens to confuse and deceive the consuming public concerning the source and sponsorship of the Defendant's services.

41. The aforesaid activities of Defendant have damaged Plaintiff and are likely to continue to damage Plaintiff unless otherwise restrained.

## COUNT I
*(Federal Trademark Infringement under 15 U.S.C. § 1114)*

42. Plaintiff repeats and realleges the averments contained in all preceding Paragraphs as if fully stated herein.

43. The name and mark HOUSE PARTY used by Plaintiff and the name and mark HOUSEPARTY used by Defendant are virtually identical.

44. Defendant's use of the name and mark HOUSEPARTY has and is likely to further cause confusion, or to cause mistake, or to deceive Defendant's customers or potential customers and the public as to the source and sponsorship of Defendant's services.  Consumers are likely to be misled into believing that Defendant is Plaintiff, or that Defendant's services are offered by, licensed by, sponsored by, or otherwise approved by Plaintiff, or vice-versa.

45. Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

46. By reason of the foregoing, Plaintiff is being damaged by Defendant's willful activities and will continue to be damaged unless Defendant is enjoined from the aforesaid acts.

47. Plaintiff has no adequate remedy at law.

## COUNT II
*(Federal Unfair Competition under 15 U.S.C. §1125(a))*

48. Plaintiff repeats and realleges the averments contained in all preceding paragraphs as if fully stated herein.

49. Plaintiff used the name and mark HOUSE PARTY well prior to Defendants' adoption and use of the name and mark HOUSEPARTY.

50. The foregoing acts and conduct of Defendant have and are likely to further cause confusion, to cause mistake, and/or to deceive the public, into mistakenly believing that Defendant is Plaintiff, or that Defendant and its activities are authorized, endorsed, sponsored or approved by Plaintiff, or that Defendant and its activities originate with, are connected with, or are associated with Plaintiff, or vice-versa.

51. Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

53. By reason of the foregoing, Plaintiff is being damaged by Defendant's willful activities and will continue to be damaged unless Defendant is enjoined from the aforesaid acts.

54. Plaintiff has no adequate remedy at law.

### COUNT III
*(Unfair Competition under New York Common Law)*

55. Plaintiff repeats and realleges the averments contained in all preceding paragraphs as if fully stated herein.

56. Defendant's advertisement, promotion, sale, and/or offering for sale of services using a trading name and mark that is virtually identical to Plaintiff's pre-existing name and mark constitutes unfair competition against the Plaintiff in violation of New York's common law of unfair competition.

57. Defendant is engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate Plaintiff's name and mark HOUSE PARTY, and the goodwill and

reputation associated therewith, in a manner which has deceived and confused and is likely to deceive and confuse the public into believing that Defendant and its services originate with or are those of Plaintiff or are sponsored by, endorsed by, or otherwise associated with Plaintiff.

58. Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

59. By reason of the foregoing, Plaintiff is being damaged by Defendant's willful activities and will continue to be damaged unless Defendant is enjoined from the aforesaid acts.

60. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. An Order permanently enjoining and restraining Defendant, its owners, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from doing business under the names HOUSE PARTY or HOUSEPARTY and any confusingly similar term.

B. An Order permanently enjoining and restraining Defendant, its owners, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from

using the marks HOUSEPARTY or HOUSE PARTY, and any other marks of Plaintiff, or marks confusingly thereto, for any goods or services.

  C. An Order permanently enjoining Defendant, its owners, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in any acts of unfair competition utilizing any names or marks that are identical to or confusingly similar with Plaintiff's name and mark.

  D. An Order (a) requiring an accounting of Defendant's profits pursuant to Defendant's unlawful activities and (b) awarding all of said profits to Plaintiff as damages sustained by Plaintiff due to Defendant's acts complained of herein.

  E. An Order trebling the award of Defendant's profits and Plaintiff's damages in view of the reckless, willful, and intentional nature of Defendant's conduct.

  F. Plaintiff to be awarded punitive damages.

  G. Plaintiff to be awarded pre-judgment interest.

  H. An Order requiring Defendant to deliver up for destruction all unauthorized, advertisements, and promotional materials, and any other materials in its possession or under its control bearing the name and mark of Plaintiff pursuant to 15 U.S.C. § 1118.

  I. Plaintiff to be awarded such other relief necessary to prevent the trade and public from deriving any false or erroneous impression that any services marketed, advertised or promoted by Defendant are in any way authorized, endorsed, sponsored, or approved by Plaintiff.

J.   Plaintiff to be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a jury.

Dated:  December 27, 2016
       White Plains, New York

Respectfully submitted,

LEASON ELLIS LLP

By: _____
Peter S. Sloane (PS 7204)
Cameron S. Reuber (CR 7001)
Lauren Sabol (LS 2136)

LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax:  (914) 288-0023
Email: sloane@leasonellis.com
Email: reuber@leasonellis.com
Email: sabol@leasonellis.com

*Attorneys for Plaintiff*